## Householder, Appellant, v. Borough of Beaver Falls.

*Boroughs—Borough Code—Seizure of stray animals—Cost of maintenance—Liability of borough.*

A borough, in accordance with the authority given it by the borough code, enacted an ordinance providing for the seizure and security of stray animals. The ordinance contained no provision for the impounding and maintenance of animals so secured. The police authorities seized a stray mule, which they took to the plaintiff's livery stable and requested him to keep. Subsequently the plaintiff consulted the burgess and was instructed to keep the mule pending an investigation as to its ownership.

Plaintiff presented a claim for the cost of caring for the mule, which the borough refused to pay and, upon suit being brought, a demurrer was filed on the ground that the borough was not liable.

*Held:* That there was nothing contained in the ordinance providing for the maintenance of animals impounded and that the borough officials had no authority to make the contract, and there could be no liability on the part of the borough.

KELLER, J., dissents.

Argued April 22, 1924. Appeal, No. 69, April T., 1924, by plaintiff, from judgment of C. P. Beaver Co., Dec. T., 1921, No. 303, in favor of defendant on affidavit of defense raising questions of law in the case of C. L. Householder v. Borough of Beaver Falls. Before OR-LADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for services rendered. Before READER, J.

352 HOUSEHOLDER, Appel., *v.* BEAVER FALLS BORO.

The facts are stated in the opinion of the Superior Court.

The defendant borough filed an affidavit of defense raising certain questions of law, which the court decided in favor of the defendant, and directed judgment thereon. Plaintiff appealed.

*Error assigned* was, among others, the judgment of the court.

*James L. Hogan,* and with him *C. B. McCarter,* for appellant.—The officers had authority to seize and secure the animal, and whatever neglect there was on the part of the officers in the disposition of the mule could not be visited upon the appellant: Fox v. The Northern Liberties, 3 Watts & Sergeant 103; Norristown v. Fitzpatrick, 94 Pa. 121; Hill v. National Trust Company, 108 Pa. 1; Cantrell Construction Co. v. Marcus Hook, 71 Pa. Superior Ct. 391.

*Homer H. Swaney,* and with him *J. Rankin Martin,* for appellee, cited: Borough of Norristown v. Fitzpatrick, 94 Pa. 121; Miller v. Hastings Borough, 25 Pa. Superior Ct. 569.

OPINION BY TREXLER, J., July 2, 1924:

The Borough Code of May 14, 1915, P. L. 312, clause 30, chapter 5, article 1, section 2, gives the borough authorities power (after referring to dogs running at large) "to prohibit and regulate the running at large of other animals, and to authorize their seizure and sale for the benefit of the borough." This is similar to the provisions contained in the Borough Act of April 3, 1851, P. L. 320. The Borough of Beaver Falls enacted an ordinance which provided as follows: "Be it enacted by the Town Council of the Borough of Beaver Falls and it is hereby

enacted by the authority of the same: That after the passage and promulgation of this ordinance, it shall not be lawful for the owner or owners of any horse, mare, mule, swine, cow, sheep, goat or other animal of any kind, to permit the same to run at large within the limits of the Borough of Beaver Falls, under the penalty of three (3) dollars for the first offense and five (5) dollars for every subsequent offense. An it shall be the duty of the High Constable, Street Commissioner, or such other person or persons as the Town Council may appoint for that purpose, to seize and secure any such animal that may be found running at large within the limits of said borough. And that the sum of seventy-five cents be allowed such officer or person for any seizure so made, to be paid by the owner or owners thereof in addition to the fine imposed with all costs." On or about December 5, 1920, the police officers of defendant borough seized a mule running at large within the limits of the borough and took it to the plaintiff's livery barn and requested him to keep and secure it. Some time thereafter the plaintiff consulted the burgess of the borough concerning the keeping of the mule and was instructed by the burgess to keep it as an investigation was being made to ascertain who was the owner of the mule, for the purpose of prosecuting him. The plaintiff kept the mule for the period of 131 days and now demands the sum of $196.50 to recompense him. These facts are set forth in the plaintiff's statement, to which the borough filed a demurrer raising certain questions of law. The learned trial judge of the lower court decided that the borough was not liable.

Instead of exercising the power given in the act of assembly providing for the sale of an animal, found running at large, for the benefit of the borough, the ordinance merely provides for the seizure and securing of such animal that may be found running at large and makes the owner liable to a fine for allowing the animal

to roam.  There is no provision in it for the keeping of the animal and the disposal of it.  The plaintiff argues that the word "secure" carried with it the idea of impounding the animal.  More likely the meaning is that the animal which is running at large should be seized and should be fastened to prevent it from running at large any longer.  It is to be secured in order that it may do no further harm.  We look in vain for any right given to the borough officers to make a contract for the borough for the keep or board of the animal.  We cannot supply the omission of the borough authorities to properly exercise the power conferred by the act of assembly by reading something into the ordinance which is not there.  The evident situation that was in contemplation of the persons who passed the ordinance was that the borough would only find such animals running at large as had owners who could be found, for it does not provide against the contingency of an unclaimed or abandoned animal.  There is no provision made for payment by the owner or the borough of the labor or expense incidental to the seizure of the animal, except it be the fixing of the fee to be paid by the owner or owners to the officer making the seizure.  There is nothing said about the keep of the animal and a condition of affairs requiring the maintaining of the animal by the borough, as we have already stated, was not in legislative contemplation.  The request of the municipal officers made of plaintiff to keep the animal did not bind the borough and impose no obligation on it, as there is no authority expressly or impliedly given to the officers to make any such engagement.  The court was, therefore, right in sustaining the demurrer, as the statement does not set forth a valid cause of action.

The assignments of error are overruled and the judgment is affirmed.

DISSENTING OPINION BY KELLER, J.:

A direction to seize and secure a domestic animal running at large in the streets of a borough necessarily implies authority to feed and shelter it until the owner duly claims the animal or it is disposed of in accordance with law. It cannot be allowed to starve, or go shelterless in winter, while steps are being taken to find the owner and make him care for the animal, or until the necessary proceedings looking to its sale as an estray are completed. Merely to seize and fasten the animal to some post in the open street, without making provision for food, water and shelter, until found by its owner, or it dies of starvation, thirst or exposure, could not have been contemplated by the ordinance. The obligation to feed and care for the animal is a necessary adjunct to the duty of seizing and securing it.

The police officers were but performing their duty, therefore, when they seized the mule and arranged with the plaintiff to furnish it food and shelter while its ownership was being looked into or its ultimate disposition was being decided upon; and the plaintiff had a right to look to the borough for proper and reasonable reimbursement for the outlay thus made on its account. We are not called upon to decide whether the plaintiff is entitled to the payment of his claim in full, or how much is reasonable in the circumstances; but to hold that he can recover nothing because the ordinance does not specifically provide for the necessary care and feeding of animals which it directs to be seized, I cannot agree to.